UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In Re:                                             **Case No. BG 13-09724**

    **ROY L. SARGENT** and                   Chapter 7; Filed: 12/31/13
    **KATHERINE A. SARGENT,**

        Debtors.                            Honorable James W. Boyd

_____/

**JEFF A. MOYER,** Chapter 7 Trustee,

        Plaintiff,

v.                                                 **Adversary Proceeding No. 15-_____**

**SERVICE 1 FEDERAL CREDIT UNION,**

        Defendant.

_____/

### COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER

NOW COMES Plaintiff Jeff A. Moyer, Chapter 7 Trustee, by and through his attorneys, The Bankruptcy Group, Inc., and states for this Complaint the following:

1. Roy L. Sargent and Katherine A. Sargent ("Debtors" or "Sargents") filed a joint voluntary Chapter 7 petition on December 31, 2013.

2. Jeff A. Moyer ("Trustee") is the duly-appointed, acting and serving Trustee for this Chapter 7 case.

3. This Court has jurisdiction over this case and Adversary Proceeding pursuant to the provisions of 28 U.S.C. §157 and §1334 and 11 U.S.C. §547 and §550.

4. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), and (H).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6.      This Adversary Proceeding arises out of the case of Roy L. Sargent and Katherine A. Sargent, Bankruptcy Case No. BG 13-09724, a Chapter 7 case currently pending in the United States Bankruptcy Court for the Western District of Michigan before the Honorable James W. Boyd.

7.      Defendant Service 1 Federal Credit Union is a Michigan corporation whose main office is located at 1075 E. Sherman Boulevard, Muskegon, Michigan 49444.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER UNDER §547

8.      The Trustee hereby incorporates by reference all the allegations contained in paragraphs 1 through 7 above of this Complaint as if fully restated herein.

9.      Upon information and belief, on October 3, 2013, the Debtors made payment totaling $3,172.04 (hereinafter the "Transfer") to the Defendant to pay off an unsecured consolidation loan held by the Defendant.

10.     Upon information and belief, the Transfer was to or for the benefit of a creditor. *See 11 U.S.C. §547(b)(1)*.

11.     Upon information and belief, the Transfer was for or on account of an antecedent debt owed by the Debtors before such Transfer was made. *See 11 U.S.C. §547(b)(2)*.

12.     Upon information and belief, the Debtors were insolvent at the time the Transfer was made. *See 11 U.S.C. §547(b)(3), (f)*.

13.     Upon information and belief, the Transfer was made on or within the ninety days prior to the date of the filing of the petition.

14.     Upon information and belief, the Transfer enabled the Defendant to receive more than it would have been entitled to receive if this case had been filed under Chapter 7 of Title 11;

the Transfer had not been made; and the Defendant had only received payment of its indebtedness to the extent provided by the provisions of Title 11. *See 11 U.S.C. §547(b)(5)(A)-(C).*

WHEREFORE, Plaintiff and Chapter 7 Trustee Jeff A. Moyer, respectfully prays for an order in favor of the Trustee and against Defendant Service 1 Federal Credit Union pursuant to the provisions of §547(b):

A.      Avoiding the Transfer made by the Debtors to the Defendant in accordance with §547(b) of the Bankruptcy Code;

B.      Granting a money judgment in favor of the Plaintiff Trustee and against Defendant Service 1 Federal Credit Union in the amount of the Transfer made within the ninety days prior to the Petition Date, plus the $350.00 filing fee for this Adversary Proceeding, plus post-judgment interest from the date the Transfer took place, and such other costs or amounts as this Court finds just and equitable; and

C.      Granting such other, further or different relief as this Court deems just, proper and equitable under the circumstances.

**COUNT II**
**RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550**

15.      The Trustee hereby incorporates by reference all the allegations contained in paragraphs 1 through 14 above of this Complaint as if fully restated herein.

16.      Upon avoidance of the Transfer under Count I above, Plaintiff is entitled to recover the value of the Transfer from the initial transferee and any immediate or mediate transferee of such initial transferee under the provisions of 11 U.S.C. §550.

17.      Defendant Service 1 Federal Credit Union is the initial transferee of the Transfer avoided under Count I above.

3

18.    Defendant Service 1 Federal Credit Union is the party for whose benefit the Transfer was made.

WHEREFORE, Plaintiff and Chapter 7 Trustee Jeff A. Moyer, respectfully prays for a judgment and order in favor of the Plaintiff Trustee and against Defendant Service 1 Federal Credit Union under the provisions of §550:

A    Granting a money judgment in favor of the Plaintiff Trustee and against Defendant Service 1 Federal Credit Union in the amount of the Transfer made within the ninety days prior to the Petition Date, plus the $350.00 filing fee for this Adversary Proceeding, plus post-judgment interest from the date the Transfer took place, and such other costs or amounts as this Court finds just and equitable; and

B.    Granting such other or further relief as this Court may deem just, equitable and proper.

Respectfully Submitted,

**THE BANKRUPTCY GROUP, INC.**
Attorneys for Trustee Jeff A. Moyer

Dated: January 20 , 2015          By: _____
                                      Jeff A. Moyer (P44671)
                                  Business Address:
                                      1547 Godfrey Ave. S.W.
                                      Wyoming, MI 49509
                                  Telephone: (616) 724-1890

4